1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    ANDREW MAGDY KAMAL,                      Case No.  24-cv-06971-MMC

8              Plaintiff,

9         v.                                  **ORDER DENYING MOTION FOR
                                              ALTERNATIVE SERVICE**
10   DESO FOUNDATION,

11             Defendant.

12

13        Before the Court is "Plaintiff's Motion for Leave to File Motion for Alternative

14   Service Via Email or, In Alternative, Motion for Leave to File Motion for Default Judgment"

15   (hereinafter, "plaintiff's motion"), filed September 5, 2025.  That same day, however,

16   plaintiff filed a proof of service by a registered process server, stating that on September

17   3, 2025, he served defendant Deso Foundation's registered agent with a number of

18   documents.  (See Doc. 28.)

19        According to an entity search on the Delaware Department of State Division of

20   Corporations website, defendant's registered agent is "Legalinc Corporate Services, Inc."

21   located at 131 Continental Drive, Suite 305, in Newark, Delaware, which matches the

22   above-referenced proof of service.[1]  Although the documents served do not include a

23

24         [1] The Court takes judicial notice of the Delaware Department of State Division of
25   Corporations website, see *Corporation & Business Entity Search,* D.E. Dep't of State,
     Div. of Corps., https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (last
26   visited Oct. 28, 2025).  See Fed. R. Evid. 201(c)(1) (allowing courts to take judicial notice
     sua sponte); see, e.g., Indian Hills Holdings, LLC v. Frye, No. 20-cv-00461, 2021 WL
27   1139419, at *4 (S.D. Cal. Mar. 25, 2021) (ruling on motion for alternative service; taking
     judicial notice sua sponte of defendant's registered agent address listed with Arizona's
28   Secretary of State).

United States District Court
Northern District of California

1   copy of the summons and complaint, see Fed. R. Civ. P. 4(h)(1) (providing for service on

2   a corporation "by delivering a copy of the summons and of the complaint to . . . any . . .

3   agent authorized by appointment or by the law to receive service of process"), it is clear

4   that those two documents could be served on defendant's registered agent, and plaintiff

5   thus fails to show alternative service is necessary.

6          Further, in light of the Court's determination that statutory service, although

7   possible, has not yet been accomplished, plaintiff is not entitled to a default judgment.

8          Accordingly, plaintiff's motion is hereby DENIED.

9

10         **IT IS SO ORDERED.**

11

12   Dated: October 28, 2025

        MAXINE M. CHESNEY
13      United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2